Theodore COLLIER, Appellant-Plaintiff,

and

Thaine Q. Blumer, Appellant,

v.

J. D. WILLIAMS, Respondent-Defendant,

and

Kansas City, Missouri, Respondent-Intervenor.

No. WD 32185.

Missouri Court of Appeals, Western District.

Oct. 27, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Dec. 1, 1981.

Dean A. Hodapp, Kansas City, for appellant.

Aaron Wilson, Nordahl Holte, and Dan Jackson III, Kansas City, for respondent-intervenor City of Kansas City.

Allan R. Browne, Kansas City, for respondent-defendant Williams.

Before CLARK, P. J., and PRITCHARD and WASSERSTROM, JJ.

CLARK, Presiding Judge.

This appeal, continuing litigation earlier reported in *Collier v. Consolidated Cab Co.*, 591 S.W.2d 391 (Mo.App.1979), is prosecuted from an order directing Theodore Collier, the judgment creditor, and Thaine Q. Blumer, his attorney, to repay the sum of $19,289.42 erroneously withdrawn from the registry of the court. The issues are whether recovery of the funds, admittedly paid over by mistake, may be accomplished in the manner attempted and whether client and counsel are jointly and severally liable.

The origin of the present problem was a garnishment by Collier, a judgment creditor of J. D. Williams and Consolidated Cab Co., attaching funds which Williams had deposited with Traders National Bank in compliance with self-insurance ordinances of Kansas City. The money was paid into the registry of the court and, in a contested proceeding, the trial court determined that Collier was entitled to execution and levy as a creditor of Williams and the cab company and could lawfully attach the account at Traders Bank. On appeal, however, the judgment was reversed in the opinion above noted which held the deposit restricted to a special purpose and not subject to garnishment by general judgment creditors.

The date of the judgment ruling the funds subject to execution by Collier was August 11, 1978. Timely appeal of that judgment was prosecuted and, the City of Kansas City being a party appellant, no supersedeas bond was required to stay execution. Rule 81.09(a). Despite pendency of the appeal and notice to Blumer that an appeal had been taken, Blumer applied to the trial court for an order to disburse the funds held in the registry of the court. Without notice to the adverse parties, the court on October 5, 1978 ordered the funds paid and, on the same date, Blumer obtained a check from the Court Administrator payable jointly to himself and Collier for $19,289.42.

After rendition of the mandate in *Collier v. Consolidated Cab Co., supra*, respondents, Williams and the City of Kansas City, apparently discovered for the first time that the disputed fund was no longer in the registry of the court but had been withdrawn by Blumer more than a year before. Respondents thereupon moved for restitution of the funds. The record reflects no action by the court on that motion for some eight months. The next entry is an "Order of Restitution" dated September 3, 1980, sustaining the motion and ordering that defendant Williams recover from Collier and Blumer $19,289.42 and interest " * * * for which execution shall issue." Nothing here indicates what notice, if any, preceded entry of this order, how the liability of Collier and Blumer was established and what beyond the bare content of the motion was considered. Particularly noteworthy is the fact that the September 3, 1980 order provided no relief for the City of Kansas City although the City as intervenor had in April of 1980 filed its application asserting an interest in the fund as trustee for the benefit of claimants against Williams.

On October 2, 1980, a conference among the court and counsel for all the parties was held and reported. The conference was evidently prompted by the joint motion of Williams and the City of Kansas City to amend the September 3, 1980 order to provide that Collier and Blumer repay to the Court Administrator the sum withdrawn plus interest deleting any adjudication as to entitlement by Williams for direct recovery against Collier and Blumer. At this hearing it was for the first time established of record that Blumer had indeed withdrawn the funds by the Court Administrator's check. By further agreement it was shown that the check payable to Collier and Blu-

mer jointly had been endorsed by each and that the check had been deposited to the account of "Blumer & Nally Trust" at the Mission State Bank. Subsequent disposition of the funds was neither disclosed nor discussed.

At the conclusion of the conference, the court entered its "Amended Order Of Restitution" dated October 2, 1980, the order which is the subject of this appeal. The order directed Collier and Blumer to repay to the Court Administrator $19,289.42 plus interest, " * * * for which execution shall issue." On appeal, Blumer contends the respondents failed to prove what amount, if any, Blumer received from the proceeds of the Court Administrator's check in the division of that recovery between himself and his client Collier and that such proof is prerequisite to any obligation he may owe for restitution. He also contends that the order which purports to authorize execution cannot be operative as to him because he has not been served with summons or complaint and he is not a party to the case.[1]

The progress of this case has been marked by a series of orders improvidently sought and obtained. With prior notice that the appeal had been perfected, Blumer had no warrant to seek distribution of the special deposit and the court, being charged with notice as to its own records, should have declined to order disbursement. The September 3, 1980 order, apparently made sua sponte without notice or hearing, compounded the problem by entering judgment against Blumer as well as Collier and directing execution for the benefit of Williams. That order failed to recognize that Blumer not only was not a party to the case but had no notice of the proceeding. Additionally, the order failed to provide for the interests of the City of Kansas City and the Court Administrator in restoration of the fund for ultimate distribution to persons other than Williams.

Much of the difficulty in this case is attributable to the ex parte conduct of proceedings without advance notice to counsel and the parties and without subsequent notice to absent parties as required by Rule 74.78. However well intended the participants may have been, the fact remains that notice and an opportunity to appear would have alerted the court and the parties to the potential problems and would have eliminated or mitigated the extent of controversy which now must be faced. Unfortunately, the state of the record precludes any final disposition of the restitution issue on this appeal which must be dismissed for want of a final judgment and for the additional reason that Blumer as appellant lacks standing to maintain the appeal.

The full adjudicatory content of the October 2, 1980 order sustaining the motion of Kansas City and Williams is as follows:

"Plaintiff Theodore Collier and his attorney Thaine Q. Blumer are ordered to repay to the Court Administrator, for the benefit of Defendant and Intervenor, the sum of Nineteen Thousand Two Hundred Eighty-Nine ($19,289.42) and 42/100 Dollars, plus interest at the rate of six percent per annum from and after October 5, 1978 to March 4, 1980 and at the rate of nine percent per annum thereafter, for which execution shall issue."

Blumer protested at the hearing that he was not a party to the case and could not be subjected to the incidence of a judgment. Despite the language of the order, typical of a judgment for recovery of money, the trial court appears to have agreed with Blumer as indicated by the following comment:

"That's all I intend to do and that puts everybody back in the same position that they were prior to August 11, 1978, [the date of the judgment reversed subsequently on appeal] *other than the defend-*

---

1. The "appellant's" brief asserts no contention and raises no point on behalf of Collier who is at least a nominal appellant. On oral argument, Blumer acknowledged that he advanced no cause other than his own resistance to liability for restitution and that a communication to

Collier had been unproductive. As to further proceedings which may hereafter be undertaken in the case, counsel would be well advised to consider whether a unity of interest continues permitting common representation for both Blumer and Collier.

ant and the intervenor have to figure out a way to get their money back." (Emphasis supplied.)

The conclusion that neither the trial court nor the parties regarded the October 2, 1980 order as finally resolving the question of individual liability between Blumer and Collier for restitution is fortified by the following extract from the record of the hearing:

"The Court: The theory of the City, as I understand it, is that on the order of restitution they don't actually get a judgment against anybody. All they do is just get an order saying you pay it back. They have nothing that they can go out and execute on to collect the money. Is that your theory?

"Mr. Jackson [Attorney for the City]: That's right."

The court then continued on to observe that further proceedings would entail either a "Motion for Judgment" or a "Motion for Contempt." It is unnecessary at this time to indicate any opinion as to the efficacy of such motions nor do we reach any conclusion as to the interim effect accomplished by entry of the October 2, 1980 order, the purpose of which eludes analysis on this record. It is clear, however, that the purported judgment which is the subject of this appeal is at most an interlocutory order and is not a judgment as defined in Rule 74.01 to which the right of appeal attaches.

The additional infirmity which prevents final adjudication of the controversy on this appeal is the lack of standing of Collier and Blumer to require a decision from this court. The notice of appeal indicated it was filed on behalf of "plaintiff and plaintiff's attorney, Thaine Q. Blumer." Dean A. Hodapp, apparently an office associate of Blumer, is shown as "Attorney for Plaintiff." While there is no question that Theodore Collier was and is a party to the case and he would be aggrieved by judgment entered against him, neither brief nor argument assert any point of error on his behalf. Indeed, statements at oral argument indicate tacit concession that no relief was sought for him. Collier has standing to

appeal as a party, but he presents nothing for decision here.

The error briefed and argued is, as noted above, the lack of jurisdiction to enter the October 2, 1980 order against Blumer who is not a party to the case. Assuming that contention to be valid, the order from which the appeal is prosecuted is a nullity as to Blumer and, in the absence of execution or attempted enforcement against Blumer, a recourse apparently foresworn by opposing counsel, Blumer is not aggrieved. We do acknowledge, in view of statements made at the hearing on October 2, 1980, some perplexity as to the objective sought to be accomplished by the order then obtained. At this time, however, the proceedings remain incomplete, jurisdiction to enter a monetary judgment against Blumer is uncertain without further process and the action of the trial court has not yet matured to a final judgment or order ripe for appellate review.

The appeal is dismissed.

All concur.